# CSM LEGAL, P.C.
Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510　　　　　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

July 7, 2023

**BY ECF**
Honorable John G. Koeltl
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

　　　　　　Re:　Hernandez Rivera et al v. London Boy Sportswear LTD et al
　　　　　　　　　1:22-cv-03510-JGK

Your Honor:

　　　　This office represents Plaintiffs in the above-referenced matter. Plaintiffs write jointly with Defendants to submit this letter setting forth our views on why the agreed upon settlement in this matter is fair.

　　　　The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice.

1. **Background**

　　　　Plaintiffs filed their Complaint against Defendants alleging claims for unpaid overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

　　　　Specifically, Plaintiffs allege they were employed by Defendants as general assistants, that they regularly worked over 40 hours a week, and that Defendants failed to pay them at the proper overtime rates required by law.

　　　　Defendants categorically deny the allegations in the Complaint.

2. **Settlement Terms**

　　　　Plaintiffs allege they are entitled to back wages of approximately $241,933.50. Plaintiffs estimate that if they had recovered in full for their claims, they would be entitled to approximately $557,023.12, which represents calculated actual damages, penalties, and interest, but excludes

attorneys' fees and costs.  A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $12,000.  The settlement will be paid in one lump sum.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Based upon their payroll records, Defendants adamantly disputed they owe Plaintiffs the amount of overtime Plaintiffs are claiming.  While Plaintiffs deny the accuracy of these records, they recognize that if the records are credited, they pose a risk to Plaintiffs' recovery at trial.

Defendants indicated that they were financially strained due to low sales and high rent. Plaintiffs recognized this and acknowledged Defendants run a small store and their funds are limited.  This information contributed to Plaintiffs' decision to settle because they understood that even if he were to obtain a judgment, collecting it would be difficult.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair.  *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

### 3. **Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with their retainer agreement with Plaintiffs, Plaintiffs' counsel will receive $5,372.00 from the settlement fund as attorneys' fees and costs (of which $4,800 are fees and $572 are costs). This represents 40% of the recovery in this litigation, the rate identified in Plaintiffs' retainer agreements with counsel. Plaintiffs' attorneys' hours in this matter to date, as recorded in the form of this Firm's standard billing sheet, is attached hereto as Exhibit C.  Plaintiffs' lodestar in this matter is $17,666.25 and costs in this matter amount to $572. Accordingly, Plaintiffs' firm's requested fee is less than its counsel's fees and costs in this matter.

The amount provided to Plaintiffs' counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable.

While district courts in this Circuit have commonly limited attorneys' fees to 1/3 of the recovery in FLSA settlements, the Second Circuit Court of Appeals recently rejected such a

Page 3

proportionality rule. *Fisher v. S.D. Prot. Inc*., 948 F.3d 593 (2d Cir. Feb. 4, 2020). In Fisher the Second Circuit reversed a district court's presumption of a 33% limit as an outcome determinative factor on attorneys' fees in FLSA settlements. Id. The Second Circuit observed that "[i]n most FLSA cases, it does not make sense to limit fees to 33% of the total settlement," because if plaintiffs' attorneys were limited to such a proportional fee, no rational attorney would take small recovery or "run of the mill" cases and employees would be left with little redress for alleged violations. *Id*. 948 F.3d at 603-604; *see also Guan v. Long Island Bus. Institute*, Inc., 15-CV-02215 (CBA) (VMS), 2020 U.S. Dist. LEXIS 47088, *11 (E.D.N.Y. Mar. 18, 2020) (courts should not limit attorney recovery to 33% of recovery); *Jun Cui v. O2 Korean BBQ*, 19-CV-2794-DLI-SJB, 2020 U.S. Dist. LEXIS 24657, *8 (E.D.N.Y. Feb. 11, 2020) (courts should not impose hard rule of proportionality in evaluating attorneys' fees). *DeJesus v. 2078 Arthur LLC,* 20-cv-2030-BCM, 2021 U.S. Dist. Lexis 115232, *3 (S.D.N.Y. Jun. 17, 2021)( courts will allow contingency fee of 40% where given calculations of lodestar and degree of success reflect reasonable fees); *Ramirez v. Columbus Rest. Fund IV, LLC,* 20-cv-8053-VSB U.S. Dist. Lexis 4584, *8 (S.D.N.Y. Jan. 10, 2022) (approving 40% where the requested award reflects only a fraction of the lodestar); *Tolomei v. Hess Restorations, Inc.*, 23-cv-52-JPO, 2023 U.S. Dist. Lexis 52124.

Here, Plaintiffs' attorneys' lodestar is significantly more than the amount that Plaintiffs' attorneys are to recover from the settlement. Awarding attorneys' fees of 40% of the total settlement is reasonable and in accordance with *Fisher* and with Plaintiffs' retainer agreement with their attorneys.

A brief biography of each attorney who performed billed work in this matter is as follows:

i. I, Catalina Sojo ("CS"), am the managing attorney of CSM Legal, PC, I graduated with a J.D. equivalent degree from Pontificia Universidad Javeriana in Bogota, Colombia, in 2017. I received a Master of Laws degree (LL.M.) from Cornell University School of Law in 2019. Prior to joining Michael Faillace & Associates in June 2020, I focused my practice in intellectual property litigation and enforcement, having worked as an associate at Baker McKenzie and as in-house counsel at ViacomCBS. My work is billed at a rate of $350 per hour.

ii. William K. Oates ("WKO"), was an associate at CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. He graduated New York Law School in 1995, and was admitted to the New York Bar, United States District Court, Southern District of New York, and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law, civil litigation, and commercial litigation at the New York City Office of the Corporation Counsel and at a number of private law firms. Since joining Michael Faillace & Associates, P.C. in December 2020, and C.S.M. Legal, P.C. in November 2021, he was responsible for a caseload involving all aspects of the firm's wage and hour matters in federal court. His work is billed at the rate of $400.00 per hour.

Page 4

    iii.    Jesse Barton ("JB"), is of counsel to CSM Legal, P.C., formerly Michael Faillace & Associates, P.C. He graduated from Fordham Law School in 2012 and was admitted to the bar in 2013. Following law school, he practiced as an associate with the law firm of Virginia & Ambinder, LLP, cultivating a background in labor and employment law. He joined the firm of Michael Faillace & Associated, P.C. in 2015. He is an experienced litigator and has successfully prosecuted trials in this Court and EDNY. His work is billed at $400 per hour.

    iv.    Mary Bianco("MB") is an associate at CSM Legal, P.C. She graduated with a J.D. from Brooklyn Law School in 2021. Prior to joining CSM Legal in May 2023, she focused on immigration law, having worked as a staff attorney at Catholic Charities. Her work is billed at a rate of $325 per hour.

    v.    Work performed by paralegals ("PL") is billed at the rate of $125 per hour.

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/Catalina Sojo, Esq.
Catalina Sojo, Esq.
CSM LEGAL, P.C.
Attorneys for the Plaintiffs

Enclosures